**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-02661-WYD-MEH

MARIA J. CISNEROS,

Plaintiff,

v.

TOWN OF CENTER, a Colorado municipal corporation,
WADE LANGER, individually and in his official capacity as a police officer for the Town of Center, and
JOSE CHACON, individually and in his official capacity as a police officer for the Town of Center,

Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

The Parties, by and through their undersigned counsel, stipulate and move the Court for a Protective Order pursuant to Fed.R.Civ.P. 26(c) and as grounds therefore state as follows:

1. The Plaintiff has requested confidential information contained in Defendants' files, including portions of Defendant Langer and Chacon's personnel files, and last known addresses of former employees of Defendant Town of Center. In addition, the Parties anticipate seeking additional confidential information during discovery and that there may be questioning concerning confidential information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in injury to the business and privacy interest of one or more of the parties. In order to protect the confidentiality of this information, the Parties have entered into this stipulation and request the Court enter the

within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.[1]

2. "Confidential Information" means all documents produced from Plaintiff's or Defendants' personnel records as well as any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

3. Information designated as CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7).

4. Confidential Information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

[1] The information sought to be protected in this Stipulation is not the same information that is currently the subject of a pending Motion for Protective Order before this Court. In that Motion, the Defendants jointly seek an order preventing the disclosure of those materials to any party for any purpose.

(c) the Parties, including the Parties' employees, officers, directors and Board members actively participating in the litigation of this case;

(d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e) the Court and its employees ("Court Personnel"):

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g) other persons by written agreement of the parties.

6. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order. All such original affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. When Confidential Information is produced, disclosed, or otherwise provided by a party in response to any discovery request it will be designated as Confidential Information by imprinting or affixing the work CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to

the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of certain information as CONFIDENTIAL within 14 days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document, or information as to which objection is made. The designating party shall respond within 14 days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it Confidential, or the parties may elect to destroy CONFIDENTIAL documents. If the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide all other parties with an affidavit confirming the destruction.

12. The remedy for violations of this Protective Order shall be as follows:

(a) For willful violation of the Protective Order, the remedy may include sanctions as determined by the Court and private remedies for damages resulting from the breach.

(b) For non-willful violation of the Protective Order, the remedy is limited to sanctions as determined by the Court.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this 6th day of July, 2009.

                                              BY THE COURT:

                                              s/ Michael E. Hegarty
                                              Michael E. Hegarty
                                              United States Magistrate Judge

STIPULATED AND AGREED TO BY:

___*/s Matt Hobbs*_____________________
Matthew K. Hobbs, Esq.
FARISH & HOBBS, P.C.
739 First Avenue
P.O. Box 430
Monte Vista, Colorado 81144
719-852-5101 (tel)
719-852-4833 (fax)
hobbs@farishlaw.com
ATTORNEY FOR PLAINTIFFS

STIPULATED AND AGREED TO BY:

___*/s Meredith McDonald*_____________
Mark C. Overturf
Meredith McDonald, Esq.
OVERTURF, McGATH, HULL & DOHERTY, P.C.
626 E.16th Ave., Ste. 100
Denver, Colorado 80203
303-860-2848 (tel)
303-860-2869 (fax)
mco@omhdlaw.com
mlm@omhdlaw.com
ATTORNEYS FOR DEFENDANT TOWN OF CENTER

STIPULATED AND AGREED TO BY:

___*/s Ryan Williams*__________________
Patrick Q. Hustead, Esq.
Ryan A. Williams, Esq.
The Hustead Law Firm
*A Professional Corporation*
4643 South Ulster Street, Suite 1250
Denver, Colorado 80237
Telephone: (303) 721-5000
FAX: (303) 721-5001
E-mail: pqh@thlf.com
E-mail: raw@thlf.com
Attorneys for Defendant Wade Langer

STIPULATED AND AGREED TO BY:

______*/s Kelly Telfeyan*______________
Kelly M. Telfeyan, Esq.
Retherford, Mullen & Moore, LLC
2925 Professional Place, Suite 202
Colorado Springs, CO 80904
*Attorney for Defendant Jose Chacon*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2009, I filedthe foregoing **PROPOSED STIPULATED PROTECTIVE ORDER** via the CM/ECF system, which will serve the following:

Matthew K. Hobbs, Esq.
Farish & Hobbs, P.C.
739 First Avenue
P.O. Box 430
Monte Vista, CO 81144
*Attorney for Plaintiffs*

Patrick Q. Hustead, Esq.
Ryan Williams, Esq.
The Hustead Law Firm
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
*Attorneys for Defendant Wade Langer*

Kelly M. Telfeyan, Esq.
Retherford Mullen & Moore, LLC
2925 Professional Place, Suite 202
Colorado Springs, CO 80904
*Attorneys for Defendant Jose Chacon*

*s/ Anna M. Phillips*

______________________________________