IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02661-WYD-MEH

MARIA J. CISNEROS,

    Plaintiff,

v.

TOWN OF CENTER, a Colorado municipal corporation,
WADE LANGER, individually and in his official capacity as a police officer for the Town of Center, and
JOSE CHACON, individually and in his official capacity as a police officer for the Town of Center,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Joint Motion for Protective Order and Request for *In Camera* Review [filed June 25, 2009; docket #58]. The Motion is referred to this Court for disposition. (Docket #59.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Defendants' Joint Motion.

This case arises from an incident which occurred at Plaintiff's house in Center, Colorado, on December 5, 2007. (Docket #1 at 3.) According to Plaintiff, who brings this action primarily pursuant to Section 1983 of 42 U.S.C., Defendants violated her Fourth and Fourteenth Amendment rights through the individual officers' conduct at her home and the municipality's policies and procedures. Plaintiff alleges constitutional claims of unlawful arrest and excessive use of force, and state law claims of outrageous conduct, false arrest and imprisonment, and unlawful search.

Defendants' present motion responds to certain written discovery requests issued by Plaintiff, namely, complete copies of the individual officers' personnel records, disclosure of all misconduct accusations against the officers, and information regarding the investigation and disposition of any complaints against the officers. (*See* docket #58 at 2.) Defendants object to the disclosure of the officers' personnel files on the bases of relevance, "official information" privilege, and confidentiality. Defendants rely heavily on the Colorado Supreme Court's determinations in *Martinelli v. Dist. Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980). Defendants contend the *Martinelli* Court held that, in the context of reviewing police personnel files in a civil lawsuit, a lower court should review the documents *in camera* first to make findings of relevance, privilege, and confidentiality for the purposes of implementing a protective order. (Docket #58 at 3-4.) Thus, Defendants and Plaintiff request the Court to conduct *in camera* review of the disputed documents in this matter and then enter an appropriate protective order, if necessary.

Pursuant to this Court's order, Defendants submitted the disputed documents to the Court for *in camera* review on August 4, 2009. (Docket #70.) After review of the documents and briefing, the Court finds more persuasive the opinion *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo 1990), in which a judge from this District directly addressed the *Martinelli* decision. The *Everitt* Court evaluated an almost identical factual situation as the matter before this Court. The *Everitt* plaintiff brought claims of excessive use of force and unlawful arrest pursuant to Section 1983, as in this case, against certain Denver municipal police officers. The *Everitt* defendants requested the court to conduct an *in camera* review of personnel documents pursuant to the procedure identified in *Martinelli*, in order to determine relevance, privilege, and confidentiality.

The *Everitt* court explained that, as the case was brought in federal court, the federal rules govern discovery. Therefore, as provided by Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Such information must be relevant but "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even without the benefit of opposition briefing by Plaintiff which the Court further discusses below, the Court concludes Plaintiff meets the broad relevancy standard of Rule 26, especially in light of her claims against both the individual officers and the municipality itself. Also as in *Everitt*, the Court believes the question is properly reduced to whether the discovery requests implicate "privileged" information. *See* 750 F. Supp. at 1066.

In federal courts, federal common law governs the existence of privilege, unless state law supplies the rule of decision as to an element of the claim or defense. Fed. R. Evid. 501. Although this case involves both federal and state claims, "federal law provides the governing substantive law" as the case is brought pursuant to Section 1983. *Everitt*, 750 F. Supp. at 1066. *See also* Fed. R. Evid. 501 committee note ("In nondiversity jurisdiction civil cases, federal privilege law will generally apply."); *Hancock v. Hobbs,* 967 F.2d 462, 467 (11th Cir. 1992) ("We therefore hold that the federal law of privilege [applies in a federal question case], even if the [discovery] is relevant to a pendent state law count which may be controlled by a contrary state law of privilege."); *Wm. T. Thompson Co. v. Gen. Nutrition Corp.,* 671 F.2d 100, 104 (3d Cir. 1982) (noting that when privilege issue overlaps with federal and pendent state law claims, federal rule in favor of admissibility controls). Thus, the federal common law of privilege governs in this matter.

Defendants assert the "official information" privilege precludes disclosure of the requested personnel files. (Docket #58 at 5 (citing *Martinelli*, 612 P.2d at 1088).) In *Everitt*, the court described the federal "official information" privilege as "the government's privilege to prevent the disclosure of information whose disclosure would be contrary to the public interest." 750 F. Supp. at 1066 (quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 342 (E.D. Pa. 1973)). *But see Crawford v. Dominic*, 469 F. Supp. 260 (E.D. Pa. 1979) (recognizing *Frankenhauser* relied on Fed. R. Evid. 509 which has since been repealed and declining to follow *Frankenhauser*'s implication of a blanket rule exempting supervisory evaluations). The *Everitt* Court accepted and utilized the general balancing approach of determining official information privilege as stated in *Frankenhauser*. *Id*. at 1066-67. The *Frankenhauser* Court articulated ten considerations to evaluate when deciding whether to apply privilege to police files:[1]

> In the context of discovery of police investigation files in a civil rights case, however, at least the following considerations should be examined: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

---

[1] The Colorado Supreme Court also analyzed the *Frankenhaus* factors in the *Martinelli* decision. 612 P.2d at 1089.

In deciding how to determine whether the official information privilege applied, the *Everitt* Court specifically declined to adopt the procedure promoted by *Martinelli*. 750 F. Supp. at 1067-68. This Court agrees with the *Everitt* conclusion that "[t]he proposal raises two related problems. First, courts are rarely, if ever, in the best position to evaluate one of the most crucial considerations suggested by *Frankenhauser* - the importance of the information sought to the plaintiff's case." 750 F. Supp. at 1067. Second, an *in camera* inspection "leaves the courts to perform the balancing process in a vacuum, without the benefit of argument directed to each *Frankenhauser* consideration which should inform the process." *Id*. Plaintiff never filed a response to Defendants' motion, for reasons which the Court can only assume. The Court could speculate as to Plaintiff's interests based on the discovery requests and of course, the wording of the Complaint, but the Court agrees with *Everitt*, that "the discovery rules are supposed to be self-executing, and [the Court sees] no reason why police files generally should be an exception to this rule." *Id*. at 1068.

In consideration of the identified problems with initial *in camera* review and the self-executing nature of the federal discovery rules, the Court orders an alternate course of action. A protective order governing confidentiality already exists in this matter, and it should not be too burdensome on counsel to modify such order consistent with *Everitt*'s suggestion that plaintiff's counsel conduct an *in camera* review of the requested files. *See* 750 F. Supp. at 1067. The protective order should include an "Attorney's Eyes Only" provision. If there is still information that Defendants believe, in good faith, should be protected, Defendants may redact and exclude information or documents that are "so sensitive or confidential that it should be shown to nobody - not even plaintiff's counsel." *Id*. at 1068. Such exclusions and redactions should be recorded in a log:

> (1) specifying each item withheld (by type of document, date, author's name, general content, other persons or agencies to whom disclosure has been made, etc.); (2) describing the general nature of any redactions (*e.g.,* names of confidential informants); and (3) stating the specific *Frankenhauser* consideration which compels withholding the information, even with a confidentiality order in place.

*Id*. If a dispute over the excluded or redacted information arises, counsel must meet and confer pursuant to D.C. Colo. LCivR 7.1A to resolve the dispute without court involvement. If court involvement is still necessary, the parties must file the appropriate motion stating with particularity the exact document and specific information to be disclosed. This procedure does not preclude the possibility that continued disputes may implicate *in camera* review by the Court; however, such instances should be a rare exception in light of an adequate protective order. *Id*.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants' Joint Motion for Protective Order and Request for *In Camera* Review [filed June 25, 2009; docket #58]. Consistent with the terms stated in this order, the parties shall file with the Court a second proposed protective order (or notice that the current protective order adequately protects the parties' interests) on or before **August 28, 2009**. Within **ten days** of the date on which the protective order is entered, Defendants shall submit supplemental responses to Plaintiff's discovery requests giving rise to the present matter, in the format discussed. The parties shall meet and confer to informally resolve any dispute that may arise. If court intervention is subsequently necessary, Plaintiff may file a Motion to Compel stating with specificity the information requested and supportive legal and factual reasoning.

Defendants may retrieve the documents submitted for *in camera* review on or before **August 21, 2009**.

IT IS SO ORDERED.

Dated at Denver, Colorado, this 18th day of August, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge